Mark M. Kovacich
ODEGAARD KOVACICH SNIPES, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@mtlawyers.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

| | |
|---|---|
| THOMAS STEVENS, II, and REBECCA STEVENS DEVITO, as Co-Personal Representatives of the Estate of THOMAS STEVENS, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> JORDAN LEAVITT; GFL ENVIRONMENTAL SERVICES USA, INC.; and DOES 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CAUSE NO. _____ <br><br><br><br><br><br><br> **COMPLAINT AND JURY DEMAND** |

_____

Plaintiffs hereby demand trial by jury and, for their complaint against

Defendants, allege as follows:

## PARTIES

### 1.

Thomas Stevens, II, and Rebecca Stevens DeVito are the duly appointed Co-

Personal Representatives of the Estate of Thomas Stevens, Sr. ("Stevens"). At the

time of his death, Thomas Stevens, Sr., was a citizen of the State of Montana and of

Alberta, Canada.

**2.**

Defendant Jordan Leavitt ("Leavitt) is a citizen and resident of the State of

Illinois.

**3.**

Defendant GFL Environmental Services USA, Inc. ("GFL"), is a corporation

organized under the laws of the State of Delaware with its principal place of business

in the State of Michigan.  GFL is a citizen of the States of Delaware and Michigan.

**4.**

The true names and capacities of Defendants named herein as Does 1-10 are

unknown to Plaintiffs, who therefore bring this action against said Defendants by

such fictitious names.  Plaintiffs will seek leave to amend the Complaint to state the

true names and capacities of Does 1-10 when the same have been ascertained,

together with further appropriate charging allegations.  Plaintiffs are informed and

believe and thereon allege that each of the fictitiously named Defendants is

responsible in some manner for the occurrences herein alleged and that Plaintiffs'

damages as herein alleged were caused by said Defendants' acts or omissions.

Defendant Does 1-10 are natural persons, corporations, partnerships, joint ventures,

or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiffs' damages as herein alleged.

## JURISDICTION AND VENUE

**5.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states, and between citizens of a state and a citizen of a foreign state, where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**6.**

Stevens is a citizen of Montana, and of Alberta, Canada.  Leavitt is a citizen of Illinois, and GFL is a citizen of Delaware and Michigan.

**7.**

Plaintiffs seek damages in excess of $75,000.

**8.**

Venue is proper in the Great Falls division of this Court because the torts committed by Defendants, as alleged herein, occurred in Glacier County, within the Great Falls division.

## GENERAL ALLEGATIONS

### 9.

On the evening of August 8, 2020, Stevens was a pedestrian, walking in the parking lot of Big Sky Foods in Cut Bank, Glacier County, Montana.  At the same time, Leavitt was driving a 2019 Ford F-250 pickup truck owned by GFL.  Shortly after 6:00 p.m. that evening, Leavitt drove the GFL vehicle into the Big Sky Foods parking lot at an unreasonably high rate of speed without maintaining a proper lookout of the path in front of him.  Leavitt drove the vehicle directly into Stevens causing him to suffer severe injuries.  After an appreciable period of time following the collision, Stevens succumbed to his injuries and died.  His official cause of death was blunt force injuries to the head, which were inflicted by the collision with the GFL vehicle operated by Leavitt.

### 10.

Leavitt later admitted he had taken Oxycodone, Gabapentin, and Robaxin prior to the collision.

## FIRST CAUSE OF ACTION

### (Negligence)

### 11.

Plaintiffs reallege paragraphs 1 through 10 above as paragraphs 1 through 10 of this First Cause of Action.

**12.**

Leavitt had a duty to operate the motor vehicle he was driving in a safe and reasonable manner, and in compliance with Montana law.  Leavitt breached his duty by the manner in which he operated the motor vehicle on August 8, 2020.  Leavitt's negligence included driving at an unreasonable and hazardous speed in the parking lot, failing to maintain an adequate lookout in his direction of travel, driving under the influence of drugs, and failing to exercise due care to avoid colliding with a pedestrian.  As a result of Leavitt's negligence as herein alleged, Stevens suffered injuries and died as herein alleged.

**13.**

On the evening of August 8, 2020, Leavitt was acting in the course and scope of his employment as an employee of GFL.  GFL is vicariously liable for Leavitt's negligence and malicious and wrongful conduct as herein alleged.

## SECOND CAUSE OF ACTION

**(Negligence Per Se)**

**14.**

Plaintiffs reallege paragraphs 1 through 13 above as paragraphs 1 through 13 of this Second Cause of Action.

**COMPLAINT AND JURY DEMAND - 5**

**15.**

At the time of the collision described herein, Leavitt failed to drive in a careful and prudent manner and unduly and unreasonably endangered the life, limb, property, or other rights of persons including Stevens, in violation of § 61-8-302, MCA.

**16.**

At the time of the collision described herein, Leavitt failed to operate the vehicle at a reduced rate of speed no greater than was reasonable and prudent under the conditions existing at the time of operation, in violation of § 61-8-303(3), MCA.

**17.**

At the time of the collision described herein, Leavitt failed to exercise due care to avoid colliding with Stevens and to give warning by sounding the horn when necessary, in violation of § 61-8-504, MCA.

**18.**

At the time of the collision described herein, Leavitt operated the vehicle under the influence of drugs, in violation of § 61-8-1002, MCA.

**19.**

The statutory provisions referenced herein were enacted to protect other persons, including Stevens, and to prevent the type of collision which occurred as referenced herein.

**20.**

Leavitt's violation of the statutory provisions listed herein constitutes negligence per se.

**21.**

GFL is vicariously liable for Leavitt's negligence per se.

**22.**

As a result of Defendants' negligence per se as herein alleged, Stevens suffered serious injuries and died.

## DAMAGES

**23.**

As a result of Defendants' negligence and negligence per se, Stevens suffered horrific injuries and an untimely death, resulting in damages to his surviving family. The damages suffered by Stevens' surviving family include grief, sorrow, emotional distress, and the loss of love, affection, emotional support, companionship, care, and society, for which this wrongful death action is now brought on their behalf. As a result of Defendants' negligence and negligence per se, Stevens and his Estate suffered damages, both prior to and after his death, including mental and physical pain and suffering, lost course of life, lost wages and loss of earning capacity, and funeral and burial expenses, for which this survival action is brought on behalf of the Estate of Thomas Stevens, Sr.

**24.**

Defendants knew of facts and intentionally disregarded facts creating a high probability of injury to Plaintiffs; deliberately proceeded to act in conscious and intentional disregard of the high probability of injury to Plaintiffs; and deliberately proceeded to act with indifference to the high probability of injury to Plaintiffs.

## JURY DEMAND

Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants for damages including the following:

1.   Reasonable compensation for medical, funeral, and burial expenses;

2.   Reasonable compensation for economic loss, including lost earnings and loss of earning capacity;

3.   Reasonable compensation for mental and physical pain and suffering;

4.   Reasonable compensation for loss of enjoyment of established course and way of life;

5.   Reasonable compensation to Stevens' heirs for his wrongful death, including damages for their grief and sorrow and emotional distress, as well as for the loss of Stevens' companionship, society, and support;

6.      Punitive damages in the sufficient amount to punish Defendants and to

serve as an example that such conduct is intolerable;

7.      Costs and disbursements incurred herein; and,

8.      For such other and further relief as the Court may deem appropriate.

 DATED this 27th day of June, 2022.

                                        KOVACICH SNIPES JOHNSON, P.C.

                                        BY: _____/s/ Mark M. Kovacich_____
                                                Mark M. Kovacich
                                                P.O. Box 2325
                                                Great Falls, MT  59403
                                                Attorneys for Plaintiffs